## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

CLOUD SPRINGS ROAD PODIATRY,          )
LLC                                   )
                                      )
      Plaintiff,                      )
                                      )
v.                                    )   Case No.: 4:18-cv-00075-HLM
                                      )
ASA ENGINEERING AND                   )
CONSULTING, INC.                      )
                                      )
                                      )
      Defendant.                      )

## FIRST AMENDED COMPLAINT FOR DAMAGES

Cloud Springs Road Podiatry, LLC ("Plaintiff" or "Cloud Springs") files its First Amended Complaint for Damages, pursuant to F.R.C.P. 15(a)(1)(A)[1] complaint against ASA Engineering and Consulting, Inc. ("ASA" or "Defendant"), showing the Court as follows:

## Jurisdiction and Venue

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between Cloud Springs and Defendants and because the amount in controversy exceeds $75,000.

---

1 Under F.R.C.P 15(a)(1)(A), a party may amend its pleading once as a matter of course within 21 days after serving it. Cloud Springs is amending its Complaint to properly name ASA prior to service of the original Complaint. As such, no leave of the Court is needed as Cloud Springs is filing this Amended Complaint within the said time frame.

2.      Cloud Springs is a limited liability company organized and existing under the laws of the state of Georgia with its principal place of business located in Marietta, Cobb County, Georgia.   Cloud Springs is a citizen of the State of Georgia.

3.      ASA is a limited liability company organized and existing under the laws of the state of Tennessee with its principal place of business located at 109 E. Martin Luther King Blvd., Chattanooga, TN 37402.  ASA is a citizen of the State of Tennessee.

4.      ASA may be served with process by delivery on its registered agent for service of process, Christie L. MacKenzie, at 109 E. Martin Luther King Blvd., Chattanooga, TN 37402.

5.      This Court has personal jurisdiction over ASA as it transacts business in this state, and as such has sufficient contacts with the forum.

6.      Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Catoosa County, which is located within the District.

**Factual Background**

7.      Cloud Springs retained ASA as an engineer on a project to purchase and renovate 4553 Cloud Springs Road, Ringgold, Georgia 30736 (the "Property").

2

8.     After Cloud Springs retained ASA but before it closed on the Property, ASA represented to Cloud Springs that there was a sewer connection serving the Property.

9.     Jeffrey Sikes with ASA stated in an email to James Dunlap with Cloud Springs "yes on water and sewer connections." *See* email from Jeffrey Sikes to James Dunlap, dated April 29, 2016 (a true and correct copy is attached hereto as Exhibit "A").

10.    A sewer connection at the Property was an important and material element of the Fair Market Value of the Property.

11.    Relying on this representation, Cloud Springs closed on the Property on or about June 24, 2016, purchasing it for $500,000. *See* Cloud Springs closing statement, dated June 15, 2016 (a true and correct copy is attached hereto as Exhibit "B").

12.    Following closing on the Property, ASA, and/or the employee(s) and/or agent(s) of ASA advised Cloud Springs that ASA had misrepresented to Cloud Springs that the Property had good sewer access.

13.    Chris Davis of ASA emailed James Dunlap informing Mr. Dunlap that "recent coordination with the Catoosa County Environmental Department has uncovered a likely problem with the septic system on the property." *See* Email

from Chris Davis to James Dunlap dated July 8, 2016 (a true and correct copy is attached hereto as Exhibit "C").

14.     The Property does not have sewer access.

15.     As a result, the Property's Fair Market Value is substantially less than it would be if it had sewer connections.

16.     Cloud Springs relied upon, and has been damaged, by ASA's misrepresentations that there was sewer access on the Property.

17.     Because the Property does not have sewer access, the Property's Fair Market Value substantially less than what it would be with sewer access. *See* Jeff Lawson email, dated September 6, 2016 (a true and correct copy is attached hereto as Exhibit ("D").

18.     Further, Cloud Springs would not have purchased the Property had it known about the lack of sewer access, and Cloud Springs has incurred significant fees it would not have incurred had it not purchased the Property, including: architectural and design fees, the cost of a soil consultant, property taxes, closing costs, and interest.

## Count I—Breach of Contract

19.     Cloud Springs repeats and re-alleges each of the allegations in Paragraphs 1-19 as if fully set forth herein.

20.     ASA contracted with Cloud Springs to provide engineering services for the purchase and renovation of the Property, including the evaluation of whether there was adequate sewer access for the purchase and development of the Property to move forward.

21.     After Cloud Springs retained ASA but before it closed on the Property, ASA represented to Cloud Springs that there was a sewer connection serving the Property.

22.     Following closing on the Property, ASA, and/or the employee(s) and/or agent(s) of ASA advised Cloud Springs that ASA had misrepresented to Cloud Springs that the Property had good sewer access.

23.     By misrepresenting the existence of a sewer connection access to the Property, ASA breached its contractual obligations and duties owed to Cloud Springs, causing damage to Cloud Springs.

24.     Cloud Springs' damages were directly and proximate caused by the actions and omissions of ASA, for which ASA is liable to Cloud Springs.

### Count II—Professional Negligence

25.     Cloud Springs repeats and re-alleges each of the allegations in Paragraphs 1-25 as if fully set forth herein.

26.     ASA owed Cloud Springs a duty of care in providing engineering services associated with the purchase and development of the Property, using that degree of care and skill exercised by other engineers under similar situations and like and surrounding circumstances. Specifically, such duties included, without limitation (*See* Rules of Professional Conduct for Professional Engineers and Land Surveyors, Ga. Comp. R. & Regs. 180-6-.01):

(1)     The duty to perform services only in areas of his/her competence.

(2)     The duty to accept an assignment requiring education or experience outside of his own field of competence only to the extent that his services are restricted to those phases of the project in which he is qualified.

(3)     The duty to be completely objective and truthful in issuing public statements, reports or testimony.

(4)     The duty to include all relevant and pertinent information in those statements, reports or testimony.

27.     In representing to Cloud Springs that the Property had a sewer connection when it did not, ASA failed to exercise a reasonable degree of skill and care ordinarily employed by other engineers under similar conditions and like surrounding circumstances.

28.      ASA failed to provide engineering services within the standard of care set forth above, and thus were negligent, breaching the standard of care.   The Affidavit of John Krewson, attached hereto as Exhibit "E," sets forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim, pursuant to the requirements of O.C.G.A. § 9-11-9.1.

29.      The breaches of duties by ASA were a cause in fact and a proximate cause of Cloud Springs's damages, as alleged in this Complaint.

30.      Cloud Springs has suffered financial loss as described in detail above due to the breaches of duty by ASA, for which ASA is liable to Cloud Springs.

### Count III—Negligence

31.      Cloud Springs repeats and re-alleges each of the allegations in Paragraphs 1-31 as if fully set forth herein.

32.      ASA owed Cloud Springs a duty of care in providing engineering services associated with the purchase and development of the Property.

33.      In representing to Cloud Springs that the Property had a sewer connection when it did not, ASA breached its duty of care to Cloud Springs.

34.      As the direct and proximate result of ASA's negligence, Cloud Springs has suffered financial loss as described in detail above due to the breaches of duty by ASA, for which ASA is liable to Cloud Springs.

## Count IV—Negligent Misrepresentation

35.     Cloud Springs repeats and re-alleges each of the allegations in Paragraphs 1-35 as if fully set forth herein.

36.     ASA negligently supplied false information to Cloud Springs by representing to Cloud Springs that the Property had a sewer connection when it did not.

37.     Cloud Springs reasonably relied on this information in purchasing the Property and suffered economic injury proximately resulting from such reliance.

## Count VI – Interest

38.     Cloud Springs repeats and re-alleges each of the allegations in Paragraphs 1-38 as if fully set forth herein.

39.     Pursuant to O.C.G.A. § 51-12-14, Cloud Springs issued an unliquidated damages demand to ASA for $490,434.59. This demand was rejected, entitling Cloud Springs to pre-judgment interest from the date of such demand.

## Count VII – Attorneys' Fees

40.     Cloud Springs repeats and re-alleges each of the allegations in Paragraphs 1-40 as if fully set forth herein.

41.     ASA has acted in bad faith, has been stubbornly litigious, and has caused Cloud Springs unnecessary trouble and expense by not paying the damages

suffered by Cloud Springs, thereby entitling Cloud Springs to its attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays for relief and demands that judgment be entered against Defendant:

1. For its losses as alleged more particularly above and for all other damages arising from Defendant's acts and/or omissions, and that award be granted to Cloud Springs in compensatory damages;

2. For pre-judgment interest as allowed by Georgia law;

3. For recovery of its attorneys' fees, expenses of litigation, and costs; and

4. All such other relief as justice requires and the Court considers appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted this 28th day of March, 2018.


**FIELDS HOWELL LLP**
1180 W. Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: (404) 214-1250
Facsimile:  (404) 214-1251
pfields@fieldshowell.com
tkadar@fieldshowell.com

*/s/ Paul L. Fields Jr.          .*
Paul L. Fields, Jr.
Georgia Bar No.: 003420
Taryn M. Kadar
Georgia Bar No.: 708106

*Counsel for Plaintiff Cloud Springs Road Podiatry, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| CLOUD SPRINGS ROAD PODIATRY, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 4:18-cv-00075-HLM |
| ASA ENGINEERING AND CONSULTING, INC. | ) ) ) ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF COMPLIANCE</u>

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in local rule 5.1(C) and 7.1(D).


**FIELDS HOWELL LLP**
1180 W. Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: (404) 214-1250
Facsimile:  (404) 214-1251
pfields@fieldshowell.com
tkadar@fieldshowell.com

*/s/ Paul L. Fields Jr.        .*
Paul L. Fields, Jr.
Georgia Bar No.: 003420
Taryn M. Kadar
Georgia Bar No.: 708106

*Counsel for Plaintiff Cloud Springs Road Podiatry, LLC*