```
         IN THE UNITED STATES DISTRICT COURT
           THE NORTHERN DISTRICT OF GEORGIA
                    ROME DIVISION
```

**CLOUD SPRINGS ROAD PODIATRY,
LLC**

    **Plaintiff,**

v.                                         Case No.: 4:18-cv-00075-HLM

**ASA ENGINEERING AND
CONSULTING, INC.**

    **Defendant.**

### ANSWER OF ASA ENGINEERING AND CONSULTING, INC. TO THE FIRST AMENDED COMPLAINT

Asa Engineering and Consulting, Inc. ("Asa" hereinafter) by and through counsel answers the First Amended Complaint (the "Complaint" hereinafter), as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

In response to the individually numbered allegations of the Complaint, Asa states as follows:

1. Asa is without sufficient information to admit or deny the allegations of paragraph 1 of the Complaint. Accordingly,

all such allegations are denied. Specifically, Asa does not know the identity of the members of the plaintiff's limited liability company.

2. Asa is without sufficient information to admit or deny the allegations of paragraph 2 of the Complaint.

3. Asa denies the allegations of paragraph 3 of the Complaint. Asa is a corporation.

4. Asa admits the allegations of paragraph 4 of the Complaint.

5. Asa admits the allegations of paragraph 5 of the Complaint.

6. Asa admits the allegations of paragraph 6 of the Complaint.

7. Asa admits the allegations of paragraph 7 of the Complaint.

8. In response to the allegations in paragraph 8, Asa admits that it sent an email to plaintiff stating that there was a sewer connection. Asa also alleges, however, that it provided the plaintiff with a survey – prior to closing – which stated plainly, "There appears to be NO Sanitary Sewer available to this property. Surveyor was unable to determine the location of current field lines or septic tank."

9. Asa admits the allegations of paragraph 9 of the Complaint. Asa also alleges, however, that it provided the

plaintiff with a survey, prior to closing, which stated "There appears to be NO Sanitary Sewer available to this property. Surveyor was unable to determine the location of current field lines or septic tank."

10. Asa is without sufficient information to admit or deny the allegations of paragraph 10 of the Complaint.

11. Asa denies the allegations of paragraph 11 of the Complaint. Asa admits that the plaintiff closed the purchase of the property, but it denies that the plaintiff reasonably relied on any alleged statement or that Asa made a misrepresentation as a matter of law.

12. Asa denies the allegations of paragraph 12 of the Complaint as stated.

13. Asa admits that Chris Davis sent an email as alleged in paragraph 13 of the Complaint, but at the time, Chris Davis was a sub-consultant to Asa.

14. Asa denies the allegations of paragraph 14 of the Complaint. The property does in fact have sewer "access", which is possible through an alternative design.

15. Asa denies the allegations of paragraph 15 of the Complaint.

16. Asa denies the allegations of paragraph 16 of the Complaint.

17. Asa denies the allegations of paragraph 17 of the Complaint.

18. Asa denies the allegations of paragraph 18 of the Complaint.

19. Asa incorporates its responses to the previous allegations.

20. In response to the allegations in paragraph 20, Asa admits that the plaintiff retained Asa to provide engineering services. Asa is without sufficient information to admit or deny the remaining allegations of paragraph 20.

21. Asa denies the allegations in paragraph 21 of the Complaint.

22. Asa denies the allegations of paragraph 22 of the Complaint.

23. Asa denies the allegations of paragraph 23 of the Complaint.

24. Asa denies the allegations of paragraph 24 of the Complaint.

25. Asa incorporates its responses to the previous allegations.

26. Asa admits that it owed the plaintiff certain professional duties but denies that it breached those duties.

27. Asa denies the allegations of paragraph 27 of the Complaint.

28. Asa denies the allegations of paragraph 28 of the Complaint.

29. Asa denies the allegations of paragraph 29 of the Complaint.

30. Asa denies the allegations of paragraph 30 of the Complaint.

31. Asa incorporates its responses to the previous allegations.

32. Asa admits the allegations of paragraph 32 of the Complaint.

33. Asa denies the allegations of paragraph 33 of the Complaint.

34. Asa denies the allegations of paragraph 34 of the Complaint.

35. Asa incorporates its responses to the previous allegations.

36. Asa denies the allegations of paragraph 36 of the Complaint.

37. Asa denies the allegations of paragraph 37 of the Complaint.

38. Asa incorporates its responses to the previous allegations.

39. Asa denies the allegations of paragraph 39 of the Complaint.

40. Asa incorporates its responses to the previous allegations.

41. Asa denies the allegations of paragraph 41 of the Complaint.

42. All allegations not heretofore admitted or denied are here and now denied.

43. Having responded to the individually numbered allegations of the Complaint, Asa denies that the plaintiff is entitled to recover any amount whatsoever from Asa.

### THIRD DEFENSE

The plaintiff's claims are barred because it failed to mitigate its damages.

### FOURTH DEFENSE

The plaintiff's claims for negligence should be reduced or barred in accordance with its own comparative fault. In addition, Asa alleges the comparative fault of the person or entity that sold the property to the plaintiff. Any award against Asa should be reduced or barred according to the comparative fault of the seller.

### FIFTH DEFENSE

The plaintiff's claims are barred by estoppel, laches, waiver, illegality, and unclean hands.

Respectfully submitted,

**Leitner, Williams, Dooley & Napolitan, PLLC**

By: s/M. Andrew Pippenger

M. Andrew Pippenger, No. 580808
Tallan Building
200 W. Martin Luther King Blvd.,
Suite 500
Chattanooga, TN 37402
Telephone: (423) 424-3920
Email:andy.pippenger@leitnerfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2018, a copy of the foregoing pleading was filed electronically to effect service of this document upon the counsel of record listed below. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Paul J. Fields, Jr.
Taryn M. Kadar
Fields Howell LLP
1180 W. Peachtree Street, Suite 1600
Atlanta, GA 30309

s/M. Andrew Pippenger
M. Andrew Pippenger
Counsel for Asa Engineering & Consulting, Inc.